UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ERIC L. HICKS,**

    Plaintiff,

    -vs-                                            Case No. 16-CV-284

**CINDY O'DONNELL,
CHARLES FACKTOR,
MICHAEL BAENEN,
CAPTAIN LESATZ,
CO GLADES,
MICHAEL MOHR,**

    Defendants.

---

## DECISION AND ORDER

---

On March 8, 2016, Eric L. Hicks, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated at the Green Bay Correctional Institution. (ECF No. 1). The plaintiff petitioned to proceed *in forma pauperis* (ECF No. 2), and the Court assessed an initial partial filing fee of $19.82 (ECF No. 6). On March 18, 2016, the plaintiff paid the initial filing fee in full. Therefore, his motion for leave to proceed *in forma pauperis* will be granted.

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court may dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiffs must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Indeed, allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

Federal courts follow the two step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Iqbal*, 556 U.S. at 679. First, the Court determines whether the plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal conclusions not support by facts "are not entitled to the assumption of truth." *Id*. Second, the Court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. *Pro se* allegations, "however inartfully pleaded," are given a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In the context of a § 1983 claim, the plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). A suit seeking monetary damages under § 1983 must further allege that the defendants were personally involved in the constitutional deprivation. *Matz v. Klotka*, 769 F.3d 517, 527 (7th Cir. 2014).

## COMPLAINT ALLEGATIONS

On October 6, 2013, Captain Lesatz, Correctional Officer Glades, and Correctional Officer Zentzius went to the plaintiff's cell to transfer him to the segregation unit. They placed the plaintiff in handcuffs and ankle restraints. As the officers escorted the plaintiff down the hall, the other inmates housed in his unit yelled "[s]tay up, bro," "I'll see you later," and "[w]rite me when you get a chance." (ECF No. 1 at 3).

The plaintiff allegedly responded to the other inmates in a "non-threatening manner," and without provocation Glades yanked the plaintiff's right hand upward and slammed him into the wall causing tears in his eyes and excruciating pain. *Id.* The plaintiff asserts that Glades never gave him an order to stop talking or looking at the other inmates as is typical before applying force under such circumstances.

The plaintiff informed Lesatz that he needed medical attention for his shoulder. Lesatz replied "Negative. Put in a blue slip." *Id.* Medical staff examined the plaintiff's shoulder a few days later and diagnosed an injury to a nerve in his shoulder. The plaintiff asserts that he had a shoulder injury from 2013 that was likely aggravated by the incident. On October 8, 2013, the plaintiff filed a formal complaint through the inmate

- 4 -

Case 2:16-cv-00284-PP   Filed 03/31/16   Page 4 of 10   Document 8

complaint review system.

Michael Mohr recommended dismissing the complaint. The plaintiff alleges that Mohr intentionally ignored prison rules in an attempt to "help cover up" the illegal use of force. (ECF No. 1 at 4). Complaint examiner Michael Baenen accepted Mohr's recommendation and dismissed the complaint.

The plaintiff then filed an appeal of the decision. Charles Fracktor recommended dismissing the appeal. The plaintiff alleges that Fracktor also ignored prison rules in an attempt to "help cover up" the illegal use of force. (ECF No. 1 at 4). Deputy Secretary of the Department of Corrections Cindy O'Donnell accepted Facktor's recommendation and dismissed the appeal.

For relief, the plaintiff seeks: (1) compensatory damages in the amount of $200,000 from each defendant, (2) punitive damages in the amout of $200,000 from each defendant, (3) an award of interest and costs incurred by the plaintiff in initiating and prosecuting this action, and (4) any other relief the court deems appropriate.

## LEGAL ANALYSIS

The Eighth Amendment prohibits "unnecessary and wanton

- 5 -

infliction of pain" on prisoners. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). A prison official may not use force against an inmate "maliciously and sadistically to cause harm." *Thomas v. Stalter*, 20 F.3d 298 (7th Cir. 1994). Instead, a prison official may only use force "in a good-faith effort to maintain or restore discipline." *Id*. The factors used to determine whether the use of force was wanton and unnecessary include: (1) the need for an application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

The Eighth Amendment also prohibits jail officials from acting with deliberate indifference to a serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 829, 834 (1994). Jail officials act with deliberate indifference when they know of a substantial risk of serious harm and either act or fail to act in disregard of that risk. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). More specifically, a complaint examiner shows deliberate indifference when he refuses to do his job or "routinely sends grievances to the shredder without reading them." *Burks v. Rasmisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). A complaint examiner is not liable under §1983 for

- 6 -

merely dismissing an inmate's complaint. *See id.*

The plaintiff may proceed with his Eighth Amendment claims against Lesatz and Glades. He alleges that Lesatz twisted his arm, threw him against the wall, and caused him severe pain for the sole purpose of inflicting harm. Glades allegedly stood by and did nothing. Neither officer ordered him to cease communicating with other inmates, and they instead used unreasonable force out of malice. The plaintiff asserts that there was no need for the use of force because he was already in handcuffs and ankle restraints and had not provoked anyone. The plaintiff has stated a plausible Eighth Amendment violation, therefore, he may proceed with his claims against Lesatz and Glades.

The plaintiff may also proceed with his claims against Mohr and Facktor. The plaintiff asserts that both individuals attempted to "cover up" their colleagues' use of illegal force by ignoring prison rules and essentially refusing to do their job. However, the plaintiff may not proceed with his claims against complaint examiners Baenen and O'Donnell. The plaintiff merely alleges that Baenen and O'Donnell ruled adversely on his inmate complaint. An adverse ruling on an inmate complaint does not amount to deliberate indifference absent other malicious acts. Therefore,

Baenen and O'Donnell will be dismissed from this action.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Michael Baenen and Cindy O'Donnell are **DISMISSED** from the action pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS ALSO ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $330.18 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount

equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the Green Bay Correctional Institution.

**IT IS ALSO ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2016.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**