UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ERIC L. HICKS**,

          Plaintiff,

v.                            **Case No. 16-cv-284-pp**

**CHARLES FACKTOR,** *et al.*,

          Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE DEFENDANTS O'DONNELL AND BAENEN (DKT. NO. 25)**

Plaintiff Eric L. Hicks, a Wisconsin state prisoner who is representing himself, filed a civil rights action under 42 U.S.C. §1983, alleging that the defendants at the Green Bay Correctional Institution violated his Eighth Amendment rights. Dkt. No. 1. On March 31, 2016, Judge Rudolph T. Randa, who was assigned to the case at the time, issued a screening order allowing the plaintiff to proceed against all the defendants except Cindy O'Donnell, the Secretary of the Department of Corrections, and Michael Baenen, one of the complaint examiners. Dkt. No. 8. Specifically, the court wrote that "[t]he plaintiff merely alleges that Baenen and O'Donnell ruled adversely on his inmate complaint. An adverse ruling on an inmate complaint does not amount to deliberate indifference absent other malicious acts." Id. at 7. Therefore, the court dismissed those two defendants from the case. Id. at 8. On August 3, 2016, the case was reassigned to Judge Pepper due to Judge Randa's illness.

1

The plaintiff now has filed a motion to reinstate O'Donnell and Baenen as defendants in this case. Dkt. No. 25. The plaintiff explains in his motion that Judge Randa's conclusion was erroneous because both Baenen and O'Donnell satisfied the "personal involvement" requirement of §1983 when they denied his inmate grievance and appeal. Id. at 2. The plaintiff cites several cases in support of this proposition. See Whitehead v. Mahone, No. 10-1027, 2011 WL 3241352, at *8 (C.D. Ill. July 29, 2011) ("The Seventh Circuit has held that if a supervisor denies an inmate's appeal or grievance, this denial is capable of establishing 'personal involvement' for § 1983 purposes."); Verser v. Elyea, 113 F.Supp.2d 1211, 1216 (N.D. Ill. 2000); Pride v. Peters, No. 94–2025, 1995 WL 746190, at *1 (7th Cir. Dec. 15, 1995). This court believes, however, that the plaintiff misunderstood Judge Randa's ruling.

The court did not dismiss O'Donnell and Baenen from the case based on lack of "personally involvement." See Dkt. No. 8 at 7-8. As the plaintiff points out, these individuals reviewed the plaintiff's complaint and dismissed it, thereby satisfying the personal involvement requirement of §1983. See Black v. Lane, 22 F.3d 1395, 1401 (7th Cir. 1994). What Judge Randa concluded was that the plaintiff's allegations regarding their personal involvement (ruling adversely on the complaint and dismissing it) did not state a claim for "deliberate indifference." See Dkt. No. 8 at 7-8.

As discussed in Judge Randa's prior decision and others, deliberate indifference requires more than simply ruling adversely on an inmate complaint. Burks v. Rasmisch, 555 F.3d 592, 595-96 (7th Cir. 2009). It

2

requires other malicious acts, such as refusing to do one's job or "routinely send[ing] grievances to the shredder without reading them." Id. Unlike the plaintiff's factual allegations against complaint examiners Charles Facktor and Michael Mohr—both of whom allegedly "cover[ed] up" staff violations to prevent their prison colleagues from "getting in trouble" (Dkt. No. 1 , ¶¶ 28 30)—the plaintiff's factual allegations against O'Donnell and Baenen are limited to their dismissing his grievances. See id. As discussed above, an adverse ruling on an inmate complaint alone is insufficient to state a claim for deliberate indifference.

This court agrees with Judge Randa's decision, and will deny the plaintiff's motion to reinstate the defendants.

The court **ORDERS** that the plaintiff's motion to reinstate defendants O'Donnell and Baenen (Dkt No. 25) is **DENIED**.

Dated in Milwaukee, Wisconsin this 27th day of September, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

3